UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| R. N., by and through her parent, R.T., <br> R. T., Individually, <br><br> Plaintiffs, <br><br> v. <br><br> FRANKLIN COMMUNITY SCHOOL <br> CORPORATION, and <br> BOARD OF SCHOOL TRUSTEES OF THE <br> FRANKLIN COMMUNITY SCHOOL <br> CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:19-cv-01922-MJD-TWP |

**ORDER ON MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

This matter is before the Court on Plaintiffs' Motion for Leave to Proceed Anonymously [Dkt. 23], requesting that the Court allow Plaintiffs to pursue this action anonymously due to the nature of their allegations. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

**I. Background**

Plaintiff R.T. brings this action on behalf of herself and minor child, Plaintiff R.N., asserting various claims against the Franklin Community School Corporation and the School Board of the Franklin Community School Corporation including negligence, constitutional violations, and violations of the Rehabilitation Act and the Americans with Disabilities Act. [Dkt. 1 at 1.] In the Complaint, Plaintiffs allege that Plaintiff R.N., a fourteen-year-old minor,

has been diagnosed with Autism Spectrum Disorder, Attention Deficit Hyperactivity Disorder, depression, and language impairment, and has been identified as a student with a disability under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* Plaintiff R.N. alleges that other children at school called her names and repeatedly subjected her to physical abuse. *Id.* Plaintiffs allege that, despite the numerous complaints they lodged, Defendants did nothing to limit the bullying and harassment, and that Defendants engaged in bullying behavior. *Id.* Plaintiffs claim that this harassment and bullying eventually resulted in Plaintiff R.N. becoming depressed, withdrawn, and suicidal. [Dkt. 1 at 11.]

In the Answer, Defendants allege that they have adopted written policies on harassment and bullying, and that their policies prohibit any kind of bullying. [Dkt. 10 at 4.] They further allege that each time a report was received from Plaintiffs, it was investigated and "promptly dealt with by the school." [Dkt. 10 at 4.] Plaintiffs maintain, however, that Defendants have been deliberately indifferent in responding to student-on-student harassment and bullying in their schools, particularly when the harassed students are disabled. [Dkt. 1 at 1.]

## II. Legal Standard

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all the parties to the suit. That rule "instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). Although there is a strong presumption in favor of open proceedings in which all parties are identified, federal courts also have discretion to allow a plaintiff to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that a plaintiffs' identity will be public information can be rebutted,

however, by showing that the harm to the plaintiff of proceeding publicly exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding under a party's real name. *Id.* at 669-70. The test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006). The non-exhaustive factors articulated in *EW v. New York Blood Center,* 213 F.R.D. 108, 111 (E.D.N.Y. 2003), are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*See also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

### III. **Discussion**

Plaintiffs moved for leave to proceed anonymously, requesting that the minor Plaintiff R.N. and her parent R.T. be allowed to proceed using their initials in lieu of their names because the case is being prosecuted on behalf of a minor. [Dkt. 24.] Defendants oppose Plaintiffs' request to proceed anonymously because, they argue, it is procedurally defective and because Plaintiffs have failed to show that the harm to Plaintiff R.N. and her parent proceeding under

3

their own names exceeds the likely harm to the public from concealment of their names. [Dkt. 26 at 2.]

   A. Procedural Deficiency

Plaintiffs filed their motion to proceed anonymously pursuant to this district's Local Rule 10-1, which mandates that a plaintiff seeking to proceed anonymously must, at the time of filing the initial pleading, file under seal a notice of intention to seek leave to proceed anonymously and disclose the plaintiff's true name. S.D. L.R. 10-1(a). Contemporaneously with the notice, the plaintiff must file a motion to proceed anonymously and serve each opposing party with both the notice and the motion within seven days of the opposing party's appearance. S.D. L.R. 10-1(b) and (c). Any objection to the motion must be filed within twenty-one days of the opposing party's appearance. S.D. L.R. 10-1(d).

Defendants argue that Plaintiffs' motion is procedurally defective because Plaintiffs filed it three months after they filed their Complaint. [Dkt. 26 at 1.] The Court has broad discretion in deciding whether to require strict compliance with a local rule. *See Ammons v. Aramark*, 368 F.3d 809, 817 (7th Cir. 2004); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (discussing whether to apply the local rule strictly or to overlook any transgression is one left to the district court's discretion.); *see also Doe v. Purdue University*, 321 F.R.D. 339, 340 (N.D. Ind. 2017) (noting that Plaintiff failed to serve Defendant with his motion to proceed under pseudonym, but the Court still ruled on the merits). Although Plaintiffs filed this motion three months after their initial pleading, Defendants have failed to demonstrate that they have been prejudiced by Plaintiffs' lack of compliance with the local rule. Therefore, the Court will excuse the procedural deficiency and decide the motion on the merits by analyzing the non-exhaustive factors articulated in *E.W. v. New York Blood Center* in turn.

4

B. Plaintiff R.N.

The list articulated by the Second Circuit is neither a strict test that the Court must follow nor an exhaustive list of factors. Rather, it presents a set of factors that help the Court determine whether exceptional circumstances exist.

The first factor weighs in favor of anonymity, as Plaintiffs are challenging governmental activity. Defendants, an Indiana public school corporation and its school board, receive federal funding, which forms the basis for Plaintiffs' claims. *See Doe v. Purdue Univ.*, 321 F.R.D. at 339, 341-42; *Doe v. City of Indianapolis*, 2012 WL 639537, at *1 (citing *Does v. City of Indianapolis*, 2006 WL 2289187, at *1-2 (quoting *Roe v. Wade*, 410 U.S. 113 (1973))).

The second factor considers whether the action requires Plaintiff R.N. to disclose information of the utmost intimacy. Where the issues involve matters of a sensitive and highly personal nature, plaintiffs who are particularly vulnerable, such as children, are permitted to sue anonymously. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872. The Seventh Circuit has found that the use of pseudonyms are appropriate to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). Accordingly, Plaintiff R.N., a fourteen-year-old, is entitled to proceed under a pseudonym, because she is a minor and a vulnerable party. As such, the Court finds that the second factor favors Plaintiff R.N.'s anonymity.

The third factor of illegal activity by Plaintiff R.N. is not at issue in this case.

The fourth factor also lends support for anonymity. Plaintiffs allege that R.N. has a history of ongoing bullying at school that was "so severe that it created a hostile and unsafe environment." [Dkt. 1 at 18.] To proceed anonymously, a plaintiff must assert legitimate

circumstances under which making her name public could cause her to suffer mental or physical injury due to the personal and sensitive nature of her allegations. *Doe v. Marvel*, No. 1:10-CV-1316-JMS-DML, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010) Plaintiff R.N's allegations that she was the victim of bullying and harassment at school, including being physically assaulted by other students, coupled with her history of suicide attempts and medical issues demonstrate such circumstances. Accordingly, the fourth factor favors anonymity.

Turning to the fifth factor regarding potential prejudice to Defendants, Defendants already know Plaintiffs' identities. [Dkt. 26 at 1.] Defendants have neither offered evidence to show that they will be prejudiced nor cited any case law recognizing their concerns. Therefore, the Court concludes that the fifth factor also favors anonymity.

Finally, the sixth factor recognizes the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. Defendants argue that Plaintiffs' Motion is defective because it fails to show that the potential for harm to Plaintiff R.N. exceeds the likely harm from concealment to the public. [Dkt. 26 at 2.] Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an "exception" for children. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669; *see also A.B. ex rel. V.S. v. Meyer*, No. 1:15-CV-157-JD-SLC, 2015 WL 4545872, at *2 (N.D. Ind. July 28, 2015) (recognizing that an important factor in favor of anonymity is whether the Plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age.) The actual identities of Plaintiffs are of minimal value to the public. *Doe v. Purdue Univ.*, 321 F.R.D. at 343. Allowing Plaintiff R.N. to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. The sixth factor, thus, also favors anonymity.

6

Nonetheless, Defendants argue that Plaintiffs' request to proceed anonymously in this case should be denied, because Plaintiffs and their counsel "appeared on local television news stations, reporting and discussing Plaintiff R.N.'s bullying allegations and revealing their identities." [Dkt. 26 at 2.] Plaintiffs have not filed a reply brief and thus have not responded to Defendants' characterization of the media coverage. However, Plaintiffs' anonymity will not harm the public interest in guaranteeing open access to proceedings, since the record will not be sealed. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. While information regarding bullying and harassment may already be publicly known, should the identity of Plaintiff R.N. be made known, intimate details and inflammatory allegations set forth in the Complaint will be revealed because the Complaint is a public record. Having considered the relevant factors and the parties' arguments, the Court concludes that Plaintiff R.N. should be permitted to proceed anonymously in this case.

C. Plaintiff R.T.

The decision to permit R.N. to proceed anonymously does not necessarily mean that Plaintiff R.T. should also be permitted to proceed anonymously. The Seventh Circuit has emphasized that the involvement of children and their parents in a lawsuit is a significant factor in favor of anonymity, particularly because of the inflammatory subject matter of the case and the risk of harm to plaintiff's children if their identities are made known by revealing their parents' names. *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011). However, Defendants argue that because Plaintiff R.T and her child, Plaintiff R.N., do not share the same last name, disclosure of Plaintiff R.T.'s name will not automatically reveal her child's name. [Dkt. 26 at 3.] While this might decrease the risk to R.N., it does not necessarily eliminate it,

7

given the risk of harm to R.N. if her identity is made public, and the lack of prejudice to Defendants if R.T. is also allowed to proceed anonymously. Given that Plaintiffs have asserted legitimate circumstances under which Plaintiff R.N., a child, could suffer mental and physical injury, particularly because of the personal and sensitive nature of the subject matter and the risk of harm that Plaintiff R.N. could face if her mother's identity is revealed, the Court concludes that the risk of harm to Plaintiff R.N.'s health and safety, if her mother, Plaintiff R.T. is identified by name, outweighs the public's interest in judicial openness, and thus overcomes the presumption against anonymous litigation.

## IV. Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Leave to Proceed Anonymously [Dkt. 23]. **IT IS HEREBY ORDERED**:

1. Plaintiffs may proceed in this case under the anonymous names of R.T. and R.N.
2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted to refer to Plaintiffs by their initials only.
3. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, or any other recipients of the actual names shall not further disclose Plaintiffs' names to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.
4. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, and all other recipients of the true names shall use the names for purposes of this litigation and for legitimate purposes related to Defendants' operations. They shall not use the actual names or identities of the Plaintiffs for any other purpose.

5. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated: 11 SEP 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.